## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **RURAL MEDIA GROUP, INC., a Delaware corporation, and RFD-TV, LLC, a Delaware limited liability company,** | ) ) ) ) ) | **CASE NO. 8:09CV447** |
| **Plaintiffs,** | ) ) | **MEMORANDUM AND ORDER** |
| **v.** | ) ) ) | |
| **PERFORMANCE ONE MEDIA, LLC, a New York limited liability company, and JOHN DOE,** | ) ) ) ) | |
| **Defendants.** | ) ) | |

This matter is before the Court on Plaintiffs' Motion to Reconsider this Court's Memorandum and Order on Defendant Performance One Media, LLC's Motion to Dismiss, or in the Alternative, Motion to Transfer.  (Filing No. 36.)  For the reasons set forth below, the Motion will be denied.

## FACTUAL BACKGROUND[1]

On December 1, 2009, Performance One Media, LLC ("Performance One") filed a complaint against Superior Livestock Auction, Inc. ("Superior Livestock") in the United States District Court for the Northern District of Texas.  Although the complaint alleged that Rural Media Group, Inc. ("RMG") "tortiously interfere[d] with Performance One's contractual rights," it did not name RMG as a defendant.  On December 4, 2009, Performance One amended its complaint to add RMG and RFD-TV, LLC ("RFD-TV") as defendants.  Meanwhile, on December 2, 2009, RMG and RFD-TV filed a complaint against

---

[1]The factual background is set forth in greater detail in the Court's Memorandum and Order of March 11, 2010.  (Filing No. 35.)

Performance One and "John Doe" in the District Court of Douglas County, Nebraska.  On

December 11, 2009, Performance One removed that action to the United States District

Court for the District of Nebraska, and on December 14, 2009, Performance One moved

this Court to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(2),

or, in the alternative, to transfer the case to the United States District Court for the Northern

District of Texas.  In support of its motion to transfer the case, Performance One argued

that a transfer should be made "because Performance One's action in the Northern District

of Texas was 'first filed' and  relates to the same subject matter that forms the basis of the

instant complaint, or because 'compelling circumstances' warrant a transfer."

In a Memorandum and Order dated March 11, 2010, this Court denied Performance

One's motion to dismiss, but granted its motion to transfer the case to the Northern District

of Texas.  In granting the motion to transfer, the Court stated,

> Parallel litigation has been filed in this Court and in the Northern
> District of Texas.  Indeed, in their answer to Performance One's third
> amended complaint in the Texas case, Plaintiffs state that Performance
> One's suit "involv[es] essentially the same claims and parties" as Plaintiffs'
> suit in this Court.  Also, because Performance One has disputed whether this
> Court has personal jurisdiction over it, and because the parties did not
> dispute  the court's exercise of personal jurisdiction in the Northern District
> of Texas, this Court concludes that the Northern District of Texas is the "first
> court in which jurisdiction attache[d]."   *Orthmann* [v. *Apple River*
> *Campground, Inc.*, 765 F.2d 119, 121 (8th Cir. 1995)].  There are no
> compelling circumstances weighing against the application of the first-filed
> rule in this case.  On the contrary, the Court finds that it would be
> extraordinarily inconvenient to require the parties and witnesses to
> participate in parallel litigation in this Court and in the Northern District of
> Texas.  Likewise, allowing the litigation to proceed in both the District of
> Nebraska and the Northern District of Texas would represent an inefficient
> use of judicial resources.  Moreover, given the possibility that differing or
> conflicting results might be reached in each case, allowing the Plaintiff's
> action to proceed in this Court would be contrary to the interests of justice.
> Therefore, the Court concludes that this case should be transferred to the
> Northern District of Texas, where the action was first filed.  *See Midwest*

2

*Motor Express, Inc.* [*v. Central States Southeast*, 70 F.3d 1014, 1017 (8th Cir. 1995)] (affirming district court's decision to transfer the case based on the first-filed rule).

In opposition to Performance One's motion, Plaintiffs argue that their Nebraska complaint was, in fact, first-filed. They state, "It was not until after Plaintiffs filed this suit on December 2, 2009[,] that Performance One elected to amend its complaint in the Texas action to add Plaintiffs as parties and to allege claims against Plaintiffs that are similar in nature to the tort-based claims asserted by Plaintiffs in this litigation." Although it is true that Performance One did not amend its complaint in the Texas action until December 4, 2009–two days after the filing of the instant action–it is settled that "the first court in which jurisdiction attaches has priority to consider the case." *Orthmann*, 765 F.2d at 121. In *Orthmann*, the plaintiff filed an action in the District of Minnesota on April 18, 1983, and an identical action in the Western District of Wisconsin on July 13, 1983. *Id.* at 120. Because personal jurisdiction was disputed in Minnesota, and because "none of the parties question[ed] whether the Wisconsin court [had] personal jurisdiction," the Eighth Circuit concluded that deference was owed to the Wisconsin court. *Id.* at 121. Similarly, deference is owed here to the Northern District of Texas, where there has been no jurisdictional dispute.

(Filing No. 35, Mem. & Order at 25-27 (citations and footnote omitted).)

RMG and RFD-TV filed the instant motion on March 15, 2010, asking that this Court reconsider its decision to transfer the case to the Northern District of Texas. (Filing No. 36.)

## STANDARD OF REVIEW

The parties agree that the instant Motion is governed by Nebraska Civil Rule 60.1. (*See* Filing No. 36, Pls.' Mot. at 1; Filing No. 39, Def.'s Br. at 2-3.) NECivR 60.1 states, "Motions for reconsideration are disfavored, and the court will ordinarily deny them without a showing of (1) manifest error in the prior ruling or (2) new facts or legal authority, neither of which could have been brought to the court's attention earlier with reasonable diligence."

## DISCUSSION

Plaintiffs argue that this Court erred in its interpretation of *Orthmann v. Apple River Campground, Inc.*, 765 F.2d 119, 121 (8th Cir. 1985), when determining whether this action ought to be transferred to the Northern District of Texas.  (Pls.' Br., Filing No. 37, at 2-3.) In *Orthmann*, two different complaints concerning the same subject matter were filed in two different courts: the first was filed in the United States District Court for the District of Minnesota, and the second was filed in the United States District Court for the Western District of Wisconsin.  The Minnesota district court dismissed the "first" case for lack of personal jurisdiction, and Orthmann appealed that decision to the Eighth Circuit.  While that appeal was pending, the Wisconsin district court dismissed the "second" case for failure to state a claim upon which relief could be granted; Orthmann appealed that decision; and the Seventh Circuit reversed the Wisconsin district court's decision, holding that the district court erred in disposing of the case on the pleadings.

The Eighth Circuit stated,

> We thus have remaining before us Orthmann's appeal on the question of whether there is personal jurisdiction over the defendants in Minnesota. As detailed above, nearly two years have gone by while this case has proceeded on identical complaints in two jurisdictions.  Generally, the doctrine of federal comity permits a court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district.  *Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-5 (9th Cir. 1982).  Hence, courts follow a "first to file" rule that where two courts have concurrent jurisdiction, the first court in which jurisdiction attaches has priority to consider the case.  *Hospah Coal Co. v. Chaco Energy Co.*, 673 F.2d 1161, 1163 (10th Cir.), *cert. denied*, 456 U.S. 1007, 102 S. Ct. 2299, 73 L. Ed. 2d 1302 (1982). . . .  The purpose of this rule is to promote efficient use of judicial resources.  The rule is not intended to be rigid, mechanical, or inflexible, but should be applied in a manner serving sound judicial administration. *Pacesetter Systems, Inc.*, 678 F.2d at 95.

4

> We conclude that the federal comity doctrine is best served in this case by dismissing Orthmann's action in Minnesota district court.  Although he filed his action first in Minnesota, the decision by the Seventh Circuit means that the controversy is now further developed in the Wisconsin district court.  We note that while none of the parties question whether the Wisconsin court has personal jurisdiction, the parties vigorously dispute whether there is personal jurisdiction over the defendants in Minnesota. . . .
>
> For these reasons, we decline to rule on whether the district court erred in dismissing the complaint for lack of personal jurisdiction and dismiss the instant appeal with prejudice.

765 F.2d at 121.

*Orthmann* describes the first-to-file rule as a component of, or as related to, "the doctrine of federal comity."  765 F.2d at 121.  The opinion in *Orthmann* also notes the flexibility of the rule in the pursuit of "sound judicial administration."  *Id.*  The Eighth Circuit concluded that "the federal comity doctrine is best served by dismissing" an action that was filed first but was slower to develop due to a "[vigorous] dispute" over personal jurisdiction. *Id.*  The Eighth Circuit did not reach the question of whether the district court in Minnesota had personal jurisdiction over the defendant, and it may be inferred that the appellate court's conclusion would have been the same whether it found the district court to be right or wrong on that matter.

This Court, in its Memorandum and Order of March 11, 2010, referred to *Orthmann* for the proposition that when determining "the first court in which jurisdiction attaches" for the purposes the first-filed rule, a court should take into account any disputes about personal jurisdiction that may have delayed the progress of the case in a particular district. It is recognized that in *Orthmann*, the district court in Minnesota concluded it did not have personal jurisdiction over the defendant, while this Court, after lengthy analysis, concluded

that personal jurisdiction could be established.  That lengthy analysis was necessary to determine whether the case should be dismissed or should be transferred.  Even if this district were to be considered to be the one in which the action was "first filed," as a result of this Court acknowledging personal jurisdiction over Performance One, the Court's conclusion that the case should be transferred to the Northern District of Texas would remain the same, as a matter of comity and efficient use of judicial resources.

Here, complaints involving the same parties and issues have been filed in this district and in the Northern District of Texas, and "the controversy is now further developed" in the Northern District of Texas because  the parties have not disputed that court's jurisdiction.  *Orthmann*, 765 F.2d at 121.  (*See also* Filing No. 34-2, Ex. K, Answer ¶ 8 (admitting that RMG and RFD-TV are subject to personal jurisdiction in the Northern District of Texas); *id.* ¶ 56 (asserting that the Texas and Nebraska cases "involv[e] essentially the same claims and parties"); Filing No. 38-1, Ex. A., Joint Status Report at 3 ("No challenges have been made to [the Texas] Court's jurisdiction or venue.").)  Plaintiffs have submitted a copy of a joint status report filed in *Performance One Media, L.L.C. v. Superior Livestock Auction Inc.*, No. 4:09-cv-00710-A (N.D. Tex. Feb. 10, 2010), indicating that initial discovery disclosures were to have been completed by March 5, 2010, and that the parties have requested a trial date in April 2011.  (*See* Filing No. 38-1, Ex. 1-A., Joint Status Report at 4-5.)  No such developments have occurred in the case filed in this district.

Plaintiffs argue that under this Court's interpretation of *Orthmann,* " a Defendant who does not like the Plaintiff's choice of forum can file a Motion to Dismiss on grounds of

personal jurisdiction, file a Complaint in a forum of his own choosing, and then obtain the benefit of the first to file rule, circumventing the Plaintiff's choice of forum." (Filing No. 37, Pls.' Br. at 3.)   There is no indication that Performance One has engaged in such gamesmanship in this case.  Performance One threatened litigation against Plaintiffs prior to Plaintiffs' filing of the Nebraska complaint; there is no reason to conclude that Performance One amended its Texas complaint simply to frustrate Plaintiffs' choice of forum; and the Court does not view Performance One's objections to personal jurisdiction in this forum as frivolous or asserted for the purpose of delay.

Plaintiffs raise one additional matter that merits comment.  Plaintiffs state,

> The action filed in the Northern District of Texas by Performance One against Superior Livestock, Inc., on December 1, 2009, has been settled. Thus, the only party in the case filed in Texas that was a Texas citizen, Superior Livestock, Inc., is no longer a party.  As set forth in the pleadings filed herein, "Performance One" is based in Colorado, and Rural Media and RFD-TV are based in Omaha, Nebraska.

(Filing No. 40, Pls.' Reply Br. at 1-2 (citation omitted).)

The joint status report filed in *Performance One Media, L.L.C. v. Superior Livestock Auction Inc.* does indicate that Performance One's dispute with Superior Livestock has been resolved, (*see* Filing No. 38-1, Ex. 1-A., Joint Status Report at 1), though Performance One's claims against RMG and RFD-TV evidently remain pending in the Texas case.  Plaintiffs imply that a transfer to Texas is now inconvenient because Superior Livestock is no longer a party to that case.  It is not apparent, however, that Superior Livestock's termination as a party will end its connection with the case.  There is no indication, for example, that witnesses and evidence will not be drawn from Superior Livestock as Performance One, RMG, and RFD-TV continue to litigate.

7

As noted in the Memorandum and Order of March 11, 2010, allowing this case to proceed simultaneously in this Court and in the Northern District of Texas would be inconvenient for the parties and witnesses, inefficient for the courts, and contrary to the interests of justice.  (Filing No. 35, Mem. & Order at 26.)  The Court concludes that a transfer of the case to the Northern District of Texas is warranted as a matter of comity and efficient use of judicial resources, if not under a strict application of the first-filed rule.

Having given the Court's Memorandum and Order on Defendant Performance One Media, LLC's Motion to Dismiss, or in the Alternative, Motion to Transfer (Filing No. 35), thorough reconsideration, the Court concludes that the same result is warranted.

Accordingly,

IT IS ORDERED that Plaintiffs' Motion to Reconsider This Court's Memorandum and Order on Defendant Performance One Media, LLC's Motion to Dismiss, or in the Alternative, Motion to Transfer (Filing No. 36) is denied.

DATED this 20th day of April, 2010.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

8